**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**DENY GAYOSO SANTANA,**

Petitioner,

v. Civil Action No. **3:26CV679 (RCY)**

**JEFFREY CRAWFORD, *et al.*,**

Respondents.

**MEMORANDUM OPINION**

Deny Gayoso Santana ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. He filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. §1225(b) to mandate his detention violates the Immigration and Nationality Act ("INA"). ECF No. 1, at 6–7.[1] Respondents filed an Opposition. ECF No. 6. Petitioner has not filed a response. For the reasons set forth below, the § 2241 Petition will be DENIED.

**I. PROCEDURAL HISTORY**

On July 16, 2026, Petitioner filed his § 2241 Petition claiming that he has been improperly denied a bond hearing and was not subject to mandatory detention. ECF No. 1, at 6. Petitioner asserts that he came to the United States on December 6, 2006, as a political refugee from Cuba and that he was taken into ICE custody on June 5, 2026, after serving a criminal sentence. *Id.* at 8. Petitioner has a daughter and other family members who are United States citizens. *Id.* Petitioner contends that he has not committed a violent crime in eighteen years. *Id.*

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

On July 28, 2026, Respondents filed an Opposition in which they assert that "this matter is materially different from *Ortega Miranda v. Bondi*, No. 3:25CV769[, 2026 WL 287179] (E.D. Va. Feb. 3, 2026)," in response to the Court's July 21, 2026 Memorandum Order. ECF No. 6, at 1. Respondents argue that Petitioner is detained pursuant to 8 U.S.C. § 1231 and the § 2241 Petition should be dismissed because Petitioner has been detained less than the presumptively reasonable six months, Petitioner has not shown that there is no significant likelihood of removal in the reasonably foreseeable future, and that compliance with *Zadvydas v. Davis*, 533 U.S. 678 (2001), in this case serves to provide Petitioner with due process. *Id.* at 1–2.

## II. FACTUAL BACKGROUND

Petitioner provides very little information in his § 2241 Petition and so the Court must rely on submissions by Respondents.

> 5. Petitioner is a 41-year-old native and citizen of Cuba.
>
> 6. On December 6, 2006, Petitioner applied for admission at the Brownsville, Texas port of entry. Petitioner was issued Form I-94, Arrival/Departure Record and paroled into the United States until December 5, 2007.
>
> 7. On April 6, 2009, Petitioner was convicted of Florida Statute § 812.13(2)(a), Robbery with a Firearm. Petitioner was sentenced to 18 months confinement.
>
> 8. On June 10, 2009, [Enforcement and Removal Operations ("ERO")] encountered Petitioner at the South Florida Reception Center. After determining Petitioner['s] identity and immigration history, ERO lodged a detainer.
>
> 9. On June 26, 2009, Petitioner was issued a Notice to Appear ("NTA") while serving his criminal sentence, which charged him with being inadmissible to the United States (and thus removable from the United States) under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission to the United States was not in possession of any valid entry document; and under 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude or an attempt or conspiracy to commit such a crime. Petitioner was placed into proceeding[s] in the Institutional Hearing Program.
>
> 10. On July 29, 2009, Petitioner appeared for a Master Calendar hearing before [an Immigration] Judge in Miami, Florida. The Immigration Judge ordered Petitioner removed to Cuba. Both parties waived appeal.
>
> 11. On January 17, 2010, Petitioner was released from civil immigration custody on an Order of Supervision ("OSUP").

> 12. On February 14, 2017, the Miami-Dade County Clerk of Court convicted Petitioner of two counts of Grand Theft of the Third Degree pursuant to Florida Statute § 812.014; two counts of Fraudulent Use or Possession of Identifying Information pursuant to Florida Statute § 817.568(2)(a); and Possession of a Stolen Driver's License pursuant to Florida Statute § 322.212(1)(a). Petitioner was sentenced to 18 months confinement.
>
> 13. On June 22, 2018, Petitioner reported to ERO following his release from criminal custody. After a review of the databases, ERO elected to issue Petitioner a new OSUP.
>
> 14. On April 18, 2023, the Palm Beach County Clerk of Court convicted Petitioner of Grand Theft of a Motor Vehicle pursuant to Florida Statute § 812.014(2)(c)6, Fraudulent Use or Possession of Identifying Information pursuant to Florida Statute § 817.568(2)(a); and Possession of a Stolen Driver's License pursuant to Florida Statute § 322.212(1)(a). Petitioner was sentenced to 364 days confinement.
>
> 15. On March 26, 2024, ERO encountered Petitioner at United States Penitentiary, Lee. After confirming Petitioner's identity and immigration history, ERO lodged a detainer.
>
> 16. On June 5, 2026, Petitioner was taken into civil immigration custody following his release from federal criminal custody. Petitioner was served a Notice of Revocation of Release and a Notice of Removal to Mexico. Petitioner was transported to Western Virginia Regional Jail.
>
> 17. On June 6, [2]026, Petitioner was transferred to Farmville Detention Center.
>
> 18. On June 9, 2026, Petitioner was transferred to the Port Isabel Service Processing Center, in Port Isabel Texas.
>
> 19. On June 26, 2026, Petitioner failed to comply with removal directives as he refused to board the bus to transport him to the border for removal to Mexico.
>
> 20. On July 1, 2026, Petitioner was returned to Farmville Deten[]tion Center.
>
> 21. Petitioner has been issued a notice of Failure to Comply[[2]] and is scheduled to have an informal interview to respond to the reasons for the revocation of release on July 31, 2026.
>
> 22. Due to the currently pending habeas petition and the District Court's resulting Memorandum Order, ICE's removal efforts have paused. Absent the underlying habeas petition, ICE would be able to present petitioner to Mexico for acceptance once Petitioner is back in compliance.

ECF No. 6-1 ¶¶ 5–22.

## III. STANDARD OF REVIEW

### A. Habeas Petitions

[[2]] At the time this declaration was signed, the Notice of Failure to Comply is still pending service.

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

**B. Detention Under 8 U.S.C. § 1231 and *Zadvydas***

8 U.S.C. § 1231[3] governs the detention and removal of aliens subject to final orders of removal. Under § 1231, upon the issuance of a final order of removal to an alien, the alien shall be removed "within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The alien "*shall*" be detained during the removal period. *Id.* § 1231(a)(2)(A). An alien not removed during the 90-day removal period may be released or detained. Under 8 U.S.C. § 1231(a)(3), aliens who do not leave the United States or are not removed during the removal period "*shall* be subject to supervision" pending their removal. 8 U.S.C. § 1231(a)(3) (emphasis added). But § 1231(a)(6) provides allowance for the continued detention of an alien after the removal period.

Section 1231 "does not specify a time limit on how long DHS may detain an alien in the

---

[3] Providing, in pertinent part:

(a) Detention, release, and removal of aliens ordered removed
(1) Removal period
(A) In general
Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")
* * *
(2) Detention
(A) In general
During the removal period, the Attorney General shall detain the alien[.]

8 U.S.C. § 1231(a)(1)–(2).

post-removal period." *Castaneda v. Perry*, 95 F.4th 750, 755–56 (4th Cir. 2024). But the United States Supreme Court addressed this issue in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court considered whether § 1231(a)(6) authorizes the indefinite detention of an alien subject to a removal order, or whether the statute permits detention only for a period reasonably necessary to secure the alien's removal. *Zadvydas*, 533 U.S. at 692. Recognizing the "serious constitutional problem arising out of a statute that . . . permits an indefinite, perhaps permanent, deprivation of human liberty," *id.*, the *Zadvydas* Court "construe[d] [§ 1231] to contain an implicit 'reasonable time' limitation.'" *Id.* at 682. This period, the Supreme Court determined, is presumptively six months. *Id.* at 701.

The six-month presumption "does not mean that every alien not removed must be released after six months." *Id*. But if an alien is detained beyond six months, the reasonable presumption no longer exists. At that point, if the alien makes a *prima facie* showing "'that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing' or release the alien." *Castaneda*, 95 F.4th at 756 (quoting *Zadvydas*, 533 U.S. at 701); *see also Menghua Wan v. Crawford*, No. 1:13-cv-1473 (JCC), 2014 WL 970180, at *3 (E.D. Va. Mar. 12, 2014) (explaining the burden-shifting test established in *Zadvydas* to assess the constitutionality of detention following the presumptively reasonable six-month period).

**IV. ANALYSIS**

Here, Petitioner has only been detained by ICE since June 5, 2026, which is less than three months, and far less than the presumptively reasonable six-month period. *See Zadvydas*, 533 U.S. at 701.[4] Additionally, Petitioner has not met his burden to show that there is not significant likelihood of removal in the reasonably foreseeable future. Instead, Petitioner had been transferred

[4] Petitioner's final order of removal was entered on July 29, 2009. ECF No. 6-1 ¶ 10.

to Port Isabel Texas on June 9, 2026, for his removal. ECF No. 4-1 ¶ 18. Then, on June 26, 2026, Petitioner failed to comply with removal directives as he refused to board the bus that was to transport him to the border of Mexico for removal. *Id.* ¶ 19. Since that time, removal efforts were paused because of Petitioner's filing of this habeas action and the Court's order prohibiting further transfer or removal. *Id.* ¶ 22. Thus, Respondents explain that the only impediment to his removal to Mexico is his pending habeas petition in this Court. *Id.* All that remains is for the Court to lift its injunction on further transfer and removal, and Petitioner's final order of removal can be effectuated. *See id.*

Because Petitioner's removal is patently imminent, the Court easily finds that Petitioner's removal is likely to occur in the reasonably foreseeable future, *Zadvydas*, 533 U.S. at 701, and therefore the Court must deny the § 2241 Petition, vacate the order prohibiting further transfer, and permit the Government to move forward with effectuating Petitioner's final removal order.

## V. CONCLUSION

The § 2241 Petition (ECF No. 1) will be DENIED. The Court will VACATE the portion of the Memorandum Order entered on July 21, 2026, which prohibited Respondents from removing or transferring Petitioner from this District.

An appropriate Final Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 2, 2026
Richmond, Virginia